IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FLOYD FREEMAN                                                                                     PETITIONER


VS.                                            5:08CV00278 JTR


LARRY NORRIS, Director,
Arkansas Department of Correction                                                        RESPONDENT


## MEMORANDUM AND ORDER

### I.  Background

Pending before the Court[1] is a § 2254 habeas Petition filed by Petitioner, Floyd Freeman. (Docket entry #1).  Respondent has filed a Response (docket entry #13) and the Petitioner has filed a Reply.  (Docket entry #23).  Thus, the issues are joined and ready for disposition.

Before addressing the merits of Petitioner's claims, the Court will review the relevant procedural history of this case, which involves two separate proceedings in Yell County, Arkansas: *State v. Freeman,* Case No. 2003-1; and *State v. Freeman*, Case No. 2006-51.   (Docket entry #1).

In *State v. Freeman,* Case No. 2003-1, Petitioner entered a negotiated plea of guilty to forgery in the second degree on February 28, 2003, and was sentenced to sixty months probation. (Docket entry #13).  On July 22, 2004, while on probation, he was charged with twelve violations of Arkansas hot check laws.  *Id*.

On September 21, 2006,  Petitioner made his Initial Appearance in *State v. Freeman*, Case

---

[1] The parties have consented to proceedings before a United States Magistrate Judge. (Docket entry #16).

No. 2006-51, and pleaded not guilty to twelve violations of Arkansas hot check laws.[2] (Docket entry #15). For unexplained reasons, the hot check charges against Petitioner in Case No. 2006-51 were never prosecuted. *Id.*

On August 29, 2004, the Yell County prosecutor filed a petition to revoke Petitioner's probation in Case No. 2003-1. (Docket entry #13). On January 8, 2007, Petitioner's probation revocation hearing was held.[3] (Docket entry #15). Petitioner testified that he had been incarcerated in Texas for possession of 25 pounds of marijuana; had tested positive for cocaine and marijuana; and had failed to make all of his court-ordered restitution payments. *Id.* The trial court revoked his probation, but, before it could officially pronounce the sentence, Petitioner turned over counsel table, and had to be subdued by courtroom bailiffs. *Id.* His sentencing was continued to January 18, 2007, where he was sentenced to ten years in the Arkansas Department of Correction (ADC), with three years suspended. *Id.*

On the same day Petitioner was sentenced for violating the conditions of his probation in Case No. 2003-1, the Yell County Clerk *erroneously* docketed the Judgment and Commitment Order in Case No. 2006-51, not Case No. 2003-1. (Docket entry #13). Subsequently, someone in the Clerk's office appears to have caught the mistake, because on January 29, 2007, the Judgment and Commitment Order sentencing Petitioner to ten years in the ADC, with three years suspended, was

---

[2] Sometime in 2003, Petitioner was charged, convicted and sentenced in Texas on drug charges. (Docket entry #13, Exhibit 10). It appears that, after he completed his sentence in Texas, he returned to Yell County, Arkansas. *Id.* This is the probable reason why Petitioner's Initial Appearance on the hot check charges took place *over two years after* those chargers were filed against him.

[3] As previously explained, Petitioner's revocation hearing was conducted *over two years after* the prosecution filed the petition to revoke, because Petitioner had been incarcerated in Texas on drug charges. (Docket entry #13, Exhibit 10).

properly docketed in Case No. 2003-1. (Docket entry #13).

The ADC received the Judgment and Commitment Orders docketed in *both* Case No. 2006-51 *and* Case No. 2003-1. Because both of those documents sentenced Petitioner to identical ten year terms, with three years suspended, the ADC ran the two sentences *concurrently*.[4] *Id.*

On October 6, 2008, Petitioner filed this federal habeas action alleging: (1) the revocation of his probation, based on the hot check charges, constituted double jeopardy because those charges were supposed to be "merged" into his conviction for forgery in Case No. 2003-1; (2) his lawyer provided him with ineffective assistance of counsel during his probation revocation hearing in Case No. 2003-1; and (3) he was denied his right to appeal the revocation of his probation. (Docket entry #1).

Respondent argues that all three of Petitioner's habeas arguments are time-barred and procedurally defaulted. (Docket entry #13).

For the reasons explained below, the Court concludes that Petitioner's habeas claims are barred by the applicable statute of limitations.[5] Thus, the Petition for Writ of Habeas Corpus must be denied, and the case dismissed, with prejudice.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a federal habeas petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.

---

[4] Because the ADC ran the two sentences concurrently, it does appear that Petitioner was prejudiced by the Yell County Clerk's docketing error.

[5] Accordingly, the Court need not address Respondent's procedural default argument.

§ 2244(d)(1)(A). Where certiorari from the United States Supreme Court is not sought, the running of the statute of limitations, for purposes of § 2244(d)(1)(A), "is triggered . . . by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ [of certiorari]." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir.1998), *cert. denied*, 525 U.S. 1187 (1999).

All of Petitioner's habeas claims arise from alleged errors that occurred during his January 8, 2007 probation revocation hearing in Case No. 2003-1. (Docket entry #1). Importantly, Petitioner did not appeal the trial court's decision to revoke his probation. *Id.* Therefore, for purposes of the AEDPA, Petitioner's conviction was "final" on January 29, 2007, the date the trial court entered the Judgment and Commitment Order. (Docket entry #13). From that date, Petitioner had one year, until January 29, 2008, to file his federal habeas Petition.

Petitioner initiated this action on October 6, 2008, approximately eight months *after* the expiration of the one-year limitation period. Accordingly, the federal habeas Petition was not timely filed under § 2244(d)(1).

AEDPA goes on to provide that the one-year limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal. *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Here, Petitioner did not file a Rule 37 Petition. Thus, he cannot avail himself of statutory tolling in this case.

Because 28 U.S.C. § 2244(d) is a statute of limitation, rather than a jurisdictional bar, the Court must also consider whether equitable tolling is applicable. *Moore v. United States*, 173 F.3d

1131, 1134 (8th Cir. 1999). However, the Eighth Circuit has cautioned that "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003). Accordingly, equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," or when "conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 462 (8th Cir. 2000). Petitioner has not come forward with any argument or evidence to support equitable tolling of the limitations period. Thus, the Court concludes that this action is time-barred.

Finally, on the face of Petitioner's habeas petition he does not appear to be challenging the state's failure to prosecute the hot check charges brought against him in *State v. Freeman,* Case No. 2006-51. (Docket entry #1). Importantly, the ADC ran the sentence imposed by the Judgment and Commitment Order mistakenly entered in Case No. 2006-51 concurrent with the identical sentence imposed by the Judgment and Commitment Order which was properly entered in Case No. 2003-1. In January 2009, Petitioner was paroled under both Judgment and Commitment Orders. (Docket entry #14). Thus, even if Petitioner was challenging the state's failure to prosecute the hot check charges, he has no redressable injury, and therefore, no cognizable federal habeas claim.

### III. Conclusion

IT IS THEREFORE ORDERED THAT the Petition for Habeas Corpus under 28 U.S.C. § 2254 (docket entry #1) is DENIED, and the case is DISMISSED, WITH PREJUDICE.

Dated this 25th day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE